IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO ROJAS,     Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-01276-N-BH |
| PEGASUS FOODS INC—ASTROCHEF INC,     Defendant. | § § § § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Motion for a More Definite Statement; and, Subject Thereto, Motion to Dismiss for Failure to State a Claim, with Brief in Support*, filed September 16, 2022 (doc. 13), should be **GRANTED in part**, and the plaintiff's claims should be **DISMISSED**. The plaintiff's motion for leave to amend the complaint in his response (doc. 15) to the motions is **GRANTED**, and the defendant's motion for a more definite statement (doc. 13) is **DENIED as moot**.

### I. BACKGROUND

Osvaldo Rojas (Plaintiff) sues his former employer, Pegasus Foods Inc—Astrochef Inc (Defendant), alleging employment discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and slander under state law. (doc. 3 at 1, 5-7.)[2]

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A.  **<u>Original Complaint</u>**

Plaintiff was employed by Defendant as a Second Shift Production Supervisor. (*Id.* at 3.) He contends that during his employment, he was discriminated against and harassed by its employees and supervisors based on his national origin, accent, appearance of "be[ing] of a certain ethnic background," and heterosexuality. (*Id.*) His senior managers did not support him to the same extent they supported their friends, who were of different national origins than Plaintiff and members of the "LGBT community". (*Id.* at 3-4.) The managers did not report complaints about those friends to the human resources (HR) department, while complaints about Plaintiff "were always investigated by [the] HR department", and he was never called to discuss those complaints because "they assum[ed he] was wrong anyway." (*Id.* at 4.) He was the only supervisor who was called to the HR department or the plant manager's office a few times per week. (*Id.*) He also worked more hours than the other supervisors. (*Id.*)

On June 3, 2021, Plaintiff reported his subordinate leader for not doing her job and sabotaging his production. (*Id.*) He claims that she lied and said he was the problem, and she asked the HR manager to fire him. (*Id.* at 3.) He was not allowed to provide statements or information to support his position; his managers and supervisors "just believed that [he] was automatically guilty." (*Id.* at 4.) On June 7, 2021, Plaintiff was fired after other employees complained about him. (*Id.*)

On June 13, 2022, Plaintiff filed this lawsuit against Defendant specifically alleging discrimination based on national origin, ethnicity, accent, and appearance; hostile work environment based on national origin; and defamation or slander based on false statements that he mistreated his employees, which led to his termination and injured him in his occupation and

profession. (*Id.* at 5-7.) He specifically alleged that he had previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and that he "ha[d] exhausted all administrative remedies; therefore, all conditions precedent to [] maintaining this civil action have accrued, occurred, or been waived." (*Id.* at 2.) He seeks damages, including punitive and exemplary damages, and compensatory damages for "emotional distress and breach of contract." (*Id.* at 7.)

On September 16, 2022, Defendant moved for a more definite statement to clarify whether Plaintiff had exhausted his administrative remedies as to his Title VII claims and whether he was also alleging discrimination of the basis of sex, and alternatively, to dismiss his claims without prejudice for failure to exhaust them. (*See* doc. 13 at 2-4.) It also moved to dismiss his slander claim with prejudice as time-barred and pre-empted. (*See id.* at 4-7.)

**B.  Response**

In response to Defendant's motions, on September 21, 2022, Plaintiff filed a one-page cover sheet entitled, "Supporting Documents," in which he stated that he "filed the charge with the TWCCD". (*See* doc. 15.) Attached were 45 pages of documents consisting of correspondence from Plaintiff to Defendant demanding reinstatement, Defendant's response declining to reverse the termination and stating that it was based on unsatisfactory work performance, purported statements from Plaintiff's co-workers indicating that he was not a bad supervisor and that he was fair, and correspondence with Defendant's counsel regarding the filing of Defendant's motions. (*Id.* at 2-29, 43-46.) Also attached were Plaintiff's filings and correspondence with the Texas Workforce Commission Civil Rights Division (TWCCRD).

A "TWCCRD Inquiry Dismissal Notice", dated October 21, 2021, states that the agency

reviewed Plaintiff's "inquiry concerning possible discrimination," but that his "complaint" would be dismissed because it was "unable to proceed due to legislative restrictions." (*Id.* at 38-39.) It further stated:

> The Texas Workforce Commission Civil Rights Division (TWCCRD) programs facilitate the equal employment opportunity (EEO) complaint process for current and former employees (or job applicants) who believe they have experienced discrimination based on protected class or protected activity as defined in the Texas Labor Code. TWCCRD works in cooperation with the federal Equal Employment Opportunity Commission (EEOC) to resolve employment discrimination allegations.
>
> This is to inform you that the TWCCRD is unable to file a charge on your behalf because the information provided did not indicate discrimination as defined under the relevant statutes enforced by this agency.
>
> Your TWCCRD complaint is considered closed and no further action will be taken.
>
> Texas Labor Code Section 21.252 states that a complainant who receives notice under Section 21.208 that the complaint is not dismissed or resolved is entitled to request from the commission a written notice of the complainant's right to file a civil action. Because TWCCRD is unable to file a charge for the reasons outlined above, TWCCRD cannot issue a Notice of Right to File a Civil Action. However, Texas Labor Code 21.252 also provides that failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.

(*Id.* at 38.)

Also included is a TWCCRD "Employment Discrimination Complaint Form", verified and signed on November 7, 2021. (*Id.* at 30-33.) In response to a question asking him to "indicate if [he] had previously filed this complaint with any of the agencies below", Plaintiff checked the boxes for the TWCCRD and the EEOC. (*Id.* at 30.) He also checked boxes to show that he was alleging discrimination on the bases of color, national origin, race, and sex, as well as retaliation, between December 7, 2020, and June 7, 2021. (*Id.* at 30-31.) At the bottom of the last page, below Plaintiff's signature, the form stated in large bold lettering, "**Submitting this Complaint Form**

**DOES NOT represent the filing a formal Charge of Discrimination**." (*Id.* at 32 (**emphasis original**).) A typed document with the handwritten title, "Answers to the TWC Questionnaire", explains why he believed that he had been subjected to discrimination and retaliation. (*See id.* at 35-37.)

A "TWCCRD Status of Complaint Notice" dated January 14, 2022, stated that Plaintiff's complaint form, which had been received on November 7, 2021, had been sent to the Intake Supervisor for review. (*Id.* at 33.) It also explained how the process would work and advised that he would be updated throughout it. (*Id.* at 33-34.)

Finally, Plaintiff's attachments to his response include an email thread that includes an email from the TWCCRD's "EEO Intake" account, dated April 22, 2022. (*Id.* at 40.) After thanking him for contacting the agency, it stated:

> TWCCRD has thoroughly reviewed your complaint. This is to inform you that the TWCCRD is unable to file a charge on your behalf because the information provided did not indicate discrimination as defined under the relevant statutes enforced by this agency. Your TWCCRD complaint is considered closed and no further action will be taken.

(*Id.*) The email did not contain the same reference to § 21.252 or §21.208 of the Texas Labor Code as the TWCCRD Inquiry Dismissal Notice", dated October 21, 2021. (*See id.*) Plaintiff includes his response to the email on the same date, in which he inquired whether he now had the right to sue his former employer. (*Id.*) He sent two follow-up emails specifically inquiring about a notice of right to sue on May 13, 2022, and May 25, 2022. (*Id.* at 40-42.) His attachments do not include any response from the TWCCRD or anything from the EEOC.

On October 4, 2022, Defendant filed its reply to Plaintiff's response, and Plaintiff filed a sur-reply on October 10, 2022. (*See* docs. 21, 22.)

## II.  MOTION TO DISMISS

Defendant alternatively moves to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (doc. 13 at 4; doc. 21 at 1, 3.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196; *see also Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (all well-pleaded facts must be taken as true, and all reasonable inferences must be drawn in the nonmoving party's favor).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f ... matters outside the

7

pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In response to Defendant's motion to dismiss, Plaintiff clarified and/or made new factual allegations regarding the filing of his claim of discrimination, and he attached 45 pages of new documents. (*See* doc. 15.) Because his *pro se* filing is properly construed as a motion for leave to amend his complaint, and it is **GRANTED**,[3] the documents are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498. It is therefore unnecessary to treat Defendant's motion to dismiss as a summary judgment motion.

## B. Title VII Claims

Defendant moves to dismiss Plaintiff's Title VII claims for failure to exhaust his administrative remedies. (doc. 13 at 4; doc. 21 at 1.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race,

---

[3] Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Nevertheless, in this circuit, courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged claim should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to [his] complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Plaintiff's new allegations and attachments are construed as a motion to amend, the motion is **GRANTED**, and they are considered.

color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Before an individual may pursue a Title VII claim in federal court, he must timely exhaust his available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). This typically means that the complainant must file a charge with the EEOC and receive a "right to sue" letter before filing suit. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002).

In *Fort Bend Cty., Tex v. Davis*, the Supreme Court summarized the procedures for administrative exhaustion of Title VII claims:

> Title VII directs that a charge shall be filed with the EEOC by or on behalf of a person claiming to be aggrieved within 180 days after the alleged unlawful employment practice occurs. For complaints concerning a practice occurring in a State or political subdivision that has a fair employment agency of its own empowered to grant or seek relief, Title VII instructs the complainant to file her charge first with the state or local agency. The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. If the state or local agency has a "worksharing" agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other.

139 S. Ct. 1843, 1846 (2019) (internal marks omitted). The TWCCRD and the EEOC have a worksharing agreement which makes each agency "the other['s] ... agent for the purpose of receiving and drafting charges." *See Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000).[4] Based on this worksharing agreement "and the desire to avoid duplication of efforts, courts consider the filing of a charge with the TWC[CRD] as satisfying both the state and federal administrative exhaustion requirements." *Venters v. Walgreen Co.*, No. CV H-20-2272, 2022

---

[4] The initial worksharing agreement was entered into with the Texas Commission on Human Rights, the predecessor to TWCCRD. *Autry v. Ahern Rentals, Inc.*, No. EP-19-CV-00154-DCG, 2021 WL 4464180, at *4 n. 44 (W.D. Tex. Sept. 28, 2021) (citations omitted).

WL 1290910, at *4 (S.D. Tex. Apr. 29, 2022) (citing *Vielma*, 218 F.3d at 462). "Once the TWC[CRD] receive[s a] complaint, proceedings [are] deemed instituted within the meaning of § 2000-5(e)(1)." *Williams v. City of Port Arthur*, No. 120CV00527MJTZJH, 2022 WL 1183293, at *2 (E.D. Tex. Feb. 25, 2022) (citing *Griffin v. City of Dallas*, 26 F.3d 610 at 613 (5th Cir. 1994)), *report and recommendation adopted*, No. 1:20-CV-00527, 2022 WL 866407 (E.D. Tex. Mar. 23, 2022); *see also Whitley v. Dr Pepper Snapple Grp., Inc.*, No. 4:16-CV-00362, 2016 WL 7326625, at *4 (E.D. Tex. Dec. 16, 2016) (finding that initial charge filed with the TWCCRD was also considered to have been filed with the EEOC); *Cook v. Lee Coll.*, 798 F. Supp. 417, 421–22 (S.D. Tex. 1992) ("charges filed with the TCHR during the effective period of the worksharing agreement are deemed received by the EEOC for purposes of timeliness").

Here, Plaintiff's original complaint alleges that he "exhausted all administrative remedies" and that "all conditions precedent to [] maintaining this civil action ha[d] accrued, occurred, or been waived." (doc. 3 at 2.) His response to the motion clarifies that he filed a complaint of discrimination with the TWCCRD, which is attached. (doc. 15 at 1, 30-33.) Under the worksharing agreement, Plaintiff's complaint of discrimination filed with the TWCCRD on November 7, 2021, is considered to have been timely filed with the EEOC. *See Vielma*, 218 F.3d at 462; *see also Williams*, 2022 WL 1183293, at *2; *Whitley*, 2016 WL 7326625, at *4.

Nevertheless, the United States Court of Appeals for the Fifth Circuit has held that "EEOC right-to-sue letters are not interchangeable with TWC[CRD] right-to-sue letters," so "'receipt of a [TWCCRD] letter would not trigger the analogous EEOC ninety-day filing period.'" *Ukpong v. Int'l Leadership of Texas*, No. 21-11111, 2022 WL 6935140, at *3 (5th Cir. Oct. 12, 2022) (citing *Vielma*, 218 F.3d at 466); *see also Zavala v. Texas Lehigh Cement Co., LP*, No. 1:21-CV-00082-

DAE, 2022 WL 18046467, at *6 (W.D. Tex. Oct. 12, 2022)("the Fifth Circuit has previously held "in no uncertain terms that Texas and federal letters are not interchangeable"). "This is because, under the terms of the statute, the EEOC letter is 'the exclusive mechanism for commencing the federal filing period.'" *Id.* (citations omitted); *see also Jenkins v. Oak Farms Dairy*, No. 3:05-CV-0991-P, 2005 WL 8158544, at *2 (N.D. Tex. Sept. 28, 2005) ("A right to sue letter from a state agency does not trigger the ninety-day filing period. Receipt of the federal letter is 'the exclusive mechanism for commencing the federal filing period.'"). *Vielma*, 218 F.3d at 466.

Neither Plaintiff's complaint nor his response alleges that the EEOC issued a right-to-sue letter. (*See* docs. 3, 15.) His response includes notices from the TWCCRD advising him that it would not file a charge of discrimination on his behalf, and that his complaint was being closed or dismissed. (doc. 15 at 38-42.) Although he alleges that the TWCCRD-EEOC "closed the case without any right to sue," (*see* doc. 15 at 45), he expressly relies on the notices from TWCCRD in support of his allegation that was entitled to file suit, (*see* doc. 15 at 38-42; doc. 22 at 3-4.) He may not rely on those notices for purposes of triggering the EEOC filing period for his federal Title VII claims. *Ukpong v. Int'l Leadership of Texas*, No. 3:19-CV-00218-E, 2021 WL 4991077, at *3 (N.D. Tex. Oct. 27, 2021), *aff'd*, No. 21-11111, 2022 WL 6935140 (5th Cir. Oct. 12, 2022). Even accepting as true all well-pleaded facts in Plaintiff's pleadings and viewing those facts in the light most favorable to him, as is required under Rule 12(b)(6), he has only plausibly alleged that he filed a charge of discrimination with the TWCCRD and the EEOC, and that he only received a right to sue from the TWCCRD. Because he has not plausibly alleged that he received a right to sue from the EEOC, he has failed to plausibly plead that he exhausted his administrative remedies as to his Title VII claims.

The Supreme Court has clarified that the mandatory exhaustion requirement of Title VII is "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Davis*, 139 S. Ct. at 1851. It is instead a condition precedent to maintaining a Title VII claim. *See id*. Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing,* 596 F.2d 683, 685 (5th Cir. 1979); *see also Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received); *Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that a plaintiff's Title VII claim should be dismissed for failure to state a claim where the plaintiff failed to allege exhaustion of administrative remedies).

Because he has not alleged that he has met the precondition for filing suit by exhausting his available administrative remedies, Plaintiff's Title VII claims should be dismissed without prejudice.[5] *See Hoffman*, 596 F.2d at 685 ("A judicial complaint that fails to allege exhaustion of administrative remedies ... is properly subject to dismissal.").[6]

C.  **State Law Claim**

Defendant also moves to dismiss Plaintiff's state law claim for slander. (doc. 3 at 6-7.)

---

[5] Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, [however,] the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

[6] Because Plaintiff's Title VII claims are subject to dismissal for failure to exhaust administrative remedies, Defendant's motion for a more definite statement concerning the scope of his Title VII claims is **DENIED** as moot.

### *1.       Supplemental Jurisdiction*

Under § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Tex. Star Salon, LLC*, No. CIV.A.3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also UnitedMine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966).

When all federal claims are dismissed prior to trial, the general rule in this circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also UnitedMine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL

2122175, at *10.

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claim because it arises from the same "common nucleus of operative facts" as his federal claims and can be disposed of promptly. The Court should therefore exercise supplemental jurisdiction over Plaintiff's slander claim.

### 2. *Slander*

Defendant first moves to dismiss Plaintiff's slander claim for failure to state a claim because it is "*time-barred* by the applicable statute of limitations." (doc. 13 at 4 (*emphasis original*).)

Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint." *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (citations omitted); *see Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (holding dismissal under Rule 12(b)(6) is proper if a successful affirmative defense appears "based on the facts pleaded and judicially noticed"); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). Here, the complaint alleges that the slanderous statements caused Plaintiff's termination on June 7, 2021. (*See* doc. 3 at 3-4.)

Slander is defined as "a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). "Defamatory statements are 'published' if they are communicated to a third party

14

capable of understanding their defamatory connotation and in such a way that the third party did so understand." *Crouch v. J.C Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 F. App'x 399 (5th Cir. 2009). "A statement is defamatory if it exposes a person to 'public hatred, contempt or ridicule, or financial injury or if it impeaches any person's honesty, integrity, virtue, or reputation.'" *Shaunfield v. Bank of America*, No. 3:12-CV-3859-B, 2013 WL 1846885, at *3 (N.D. Tex. Apr. 24, 2013) (citing *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 854 (Tex. App.–Dallas 2003, no pet.)); *see also* Tex. Civ. Prac. & Rem. Code § 73.001. Generally, a plaintiff who is a private individual (such as Plaintiff) must show that the defendant acted negligently regarding the truth of the defamatory statement at the time that he published it. *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 595–96 (5th Cir. 2007) (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)).

The statute of limitations for defamation under Texas law is one year. Tex. Civ. Prac. & Rem. Code § 16.002(a); *see Cote v. Rivera*, 894 S.W.2d 536, 542 (Tex. App.–Austin 1995, no writ) (barring a defamation cause of action because the lawsuit was filed more than one year after the date the alleged defamatory statements were made). Plaintiff's date of termination was June 7, 2021, but he did not file this lawsuit until June 13, 2022, more than one year after the statements about which he specifically complains were made. Although he alleges that his complaint to the TWCCRD tolled the limitations period, this claim is unsupported by law. *See Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) ("A charge of discrimination lodged with the EEOC is not the equivalent of a lawsuit, and it will not toll the statute of limitations or free [the plaintiff] from his obligation of filing a defamation lawsuit within one year after the cause of action accrues."); *see also Simmons v. Cadence Design Sys., Inc.*, No. CIV A 307-CV-1029-M,

2008 WL 731970, at *1 (N.D. Tex. Mar. 19, 2008) ("[f]iling of a Title VII EEOC charge does not toll limitations" period for a defamation claim). His slander claim is barred by the statute of limitations and should be dismissed with prejudice.[7]

### III. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Leave to amend is not necessary, however, where the plaintiff has already pleaded his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff amended his complaint in response to Defendant's motions for a more definite statement and to dismiss, and it appears that he has alleged his best case because he has failed to exhaust his administrative remedies as to his Title VII claims, and his slander claim is time-barred. No further opportunity to amend his complaint is warranted.

### IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED IN PART**. Plaintiff's Title VII claims should be **DISMISSED without prejudice** for failure to exhaust administrative remedies,

---

[7] Because Plaintiff's slander claim is time-barred, it is unnecessary to reach Defendant's alternative argument that it should be dismissed as preempted by the TCHRA.

and his slander claim should be **DISMISSED with prejudice** as time-barred.

**SO RECOMMENDED** on this 20th day of July, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE